United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-61158
Summary Calendar

ZHEN GUI ZHENG,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 649 116
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Zhen Gui Zheng petitions this court for review of the Board
of Immigration Appeals' (BIA's) summary affirmance of the
immigration judge's (IJ's) decision denying his petition for
asylum, the withholding of deportation, and relief under the
Convention Against Torture (CAT). Given the BIA's summary
affirmance, the decision on review is the decision of the IJ.
See Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003).

The Attorney General has the discretion to grant asylum to
any alien who is a refugee. 8 U.S.C. § 1158. An alien is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considered a "refugee" if he is unable or unwilling to return to his country because he has been subject to past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular group or political opinion. See 8 U.S.C. § 1101(a)(42)(A). To be eligible for the withholding of removal, an "alien must demonstrate a 'clear probability' of persecution upon return." See Faddoul v. I.N.S., 37 F.3d 185, 188 (5th Cir. 1994) (citation omitted). This standard requires a higher objective likelihood of persecution than is required to establish eligibility for asylum. Id. Thus, if an alien cannot satisfy the more lenient burden of proof for asylum, he is necessarily precluded from meeting the more stringent burden of proof for the withholding of deportation. See, e.g., Mikhael v. I.N.S., 115 F.3d 299, 306 (5th Cir. 1997). The CAT requires an alien to show "'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002)(quoting 8 C.F.R. § 208.16(c)(2)).

Zheng argues that the IJ erred in rejecting his credibility regarding his assertions of past persecution. This court will not substitute its judgment for that of the IJ or BIA with respect to witness credibility. Chun v. I.N.S., 40 F.3d 76, 78 (5th Cir. 1994). This court reviews an immigration court's findings regarding credibility to determine if they are supported by substantial evidence in the record. Id. Under substantial

evidence review, this court may not reverse the BIA's factual findings unless the evidence not only supports a contrary conclusion, but compels it. Id.; 8 U.S.C. § 1252(b)(4)(B).

The IJ's credibility determination was based on substantial evidence in the record. The record shows that Zheng gave inconsistent testimony about the events surrounding the Chinese officials' alleged demands that Zheng's wife abort their second child. In addition, Zheng's wife's affidavit contradicts Zheng's testimony concerning those events. The record also shows that Zheng himself gave contradictory testimony about the alleged destruction of his house following his refusal to be sterilized. In sum, the record does not compel a reversal of the IJ's adverse credibility determination. See Chun, 40 F.3d at 78.

Zheng argues that he will suffer future persecution if he returns of China. In light of the IJ's adverse credibility determination, Zheng cannot meet his burden of proving a well-founded fear of future prosecution. Zhang v. Gonzales, 432 F.3d 339, 345 (5th Cir. 2005). We note that Zheng does not argue on appeal that he is entitled to asylum based on his wife's alleged involuntary sterilization. See In re C-Y-Z, 21 I. & N. Dec. 915 (1997). Accordingly, any such argument is deemed abandoned. See Soadjede, 324 F.3d at 833.

Zheng has not met his burden of proof with respect to his requests for asylum, the withholding of deportation, or relief

under the CAT.  See Mikhael, 115 F.3d at 306, Efe, 293 F.3d at 907.  Accordingly, his petition for review is DENIED.